IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL COLE, : | | |
|     Petitioner : | | |
| : | | No. 1:22-cv-01662 |
| v. : | | |
| : | | (Judge Kane) |
| STEPHEN SPAULDING, : | | |
|     Respondent : | | |

### MEMORANDUM

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which Petitioner Michael Cole ("Cole") seeks earned time credit towards his sentence pursuant to the First Step Act ("FSA"). For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.     BACKGROUND**

Cole is currently incarcerated by the United States Bureau of Prisons ("BOP") in Lewisburg United States Penitentiary ("USP-Lewisburg"). He is serving a 120-month sentence imposed by the United States District Court for the Eastern District of Pennsylvania for possession of a controlled substance with intent to distribute. (Doc. No. 7 at 2-3.)

Cole filed the instant petition on October 10, 2022, and the Court received and docketed the petition on October 21, 2022. (Doc. No. 1 at 1.) Cole asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.) He argues that exhaustion of administrative remedies is unnecessary because his claim presents a matter of statutory construction. (Id.)

Respondent, the warden at USP-Lewisburg ("Respondent"), responded to the petition on November 18, 2022. (Doc. No. 7.) Respondent argues that the petition should be dismissed for failure to exhaust administrative remedies or, alternatively, that it should be denied on its merits.

(Id.) Cole filed a reply brief on November 30, 2022, in which he argues (1) that exhaustion should be excused as futile because the BOP would likely deny him relief; (2) that exhaustion should be excused because the BOP clearly and unambiguously violated his rights; and (3) that even if exhaustion was required, he exhausted administrative remedies by filing an appeal to the BOP's regional director using the BOP's BP-10 form pursuant to 28 C.F.R. § 542.15(a). (Doc. No. 8.) The petition is ripe for review.

## II.  DISCUSSION

28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is not required when it would not promote these goals, such as when it would be futile. See, e.g., Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. See id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within 20 calendar days "following the date on which the basis for the Request occurred." See id. § 542.14(a). The

warden is to respond to the request within 20 calendar days. See id. § 542.18. An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response." See id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id. The General Counsel's response is due within 40 calendar days; however, the time period for response may be extended by 20 days. See id. § 542.18.

In this case, Respondent contends that Cole failed to exhaust administrative remedies because he did not appeal his grievance to the BOP's general counsel using the BP-11 form pursuant to 28 C.F.R. § 542.15(a). (Doc. No. 7 at 6-7.) Respondent attaches a declaration from Jennifer Knepper, an attorney advisor for the BOP, which corroborates Respondent's contention that Cole has failed to exhaust administrative remedies. (Doc. No. 7-1 at 1-2.)

The Court agrees with Respondent that Cole has failed to exhaust administrative remedies. The record reflects that Cole failed to appeal his grievance through all stages of the BOP's administrative remedy program by not appealing to the BOP's general counsel pursuant to 28 C.F.R. § 542.15(a). See (id.).

Cole argues to the contrary that exhaustion should be excused because his claim presents a matter of statutory interpretation, that exhaustion should be excused because the BOP would likely deny him relief, that the BOP clearly and unambiguously violated his constitutional and statutory rights, and that he exhausted administrative remedies by filing an appeal to the BOP's regional director using the BP-10 form pursuant to 28 C.F.R. § 542.15(a). (Doc. Nos. 1, 8.)

Cole's arguments are unavailing. First, contrary to his argument, his claim is not a matter purely of statutory interpretation but rather a request for the BOP to provide a specific number of

earned time credits. Exhaustion is not excused for such a claim. See, e.g., Powell v. Christensen, No. 3:22-cv-01985, 2023 WL 2060712, at *2 (M.D. Pa. Feb. 16, 2023); Johnson v. Spaulding, No. 3:22-cv-01658, 2023 WL 122911, at *2 (M.D. Pa. Jan. 6, 2023). Second, a petitioner's belief that exhaustion will be unsuccessful is not sufficient to excuse exhaustion. See Powell, 2023 WL 2060712, at *2; Johnson, 2023 WL 122911, at *2. Third, Cole has not alleged any facts in support of his argument that the violation of his rights under the FSA is clear and unambiguous, and the Court does not find that the record before it establishes a clear and unambiguous violation of his rights. Finally, petitioners seeking to exhaust administrative remedies through the BOP's administrative remedy program must complete all stages of administrative appeals, including an appeal to the BOP's general counsel pursuant to 28 C.F.R. § 542.15(a), and the record is clear that Cole did not complete this step. See (Doc. 7-1 at 1-2).

### III.    CONCLUSION

For the foregoing reasons, the Court will dismiss Cole's petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate Order follows.